IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK BANKCROFT, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-787-GPM |
| | ) |
| **BAYER CORPORATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court sua sponte on the question of federal subject matter jurisdiction. *See Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). This is a suit for personal injuries allegedly caused as a result of using Trasylol, a prescription medication that is manufactured by Defendants Bayer Corporation ("Bayer"), Bayer Healthcare, LLC ("Bayer LLC"), and Bayer Healthcare Pharmaceuticals, Inc. ("Bayer Healthcare"). Plaintiffs Frederick Bankcroft, Loretta Blomquist, Ronald E. Boozer, Herman Bowers, Marilyn Caithness, Anthony Canneti, Vera Diane Colburn, Marcelo Crisostomo, Cynthia Fields, Peter Fuentes, Sheila D. Morton, and Joanne Williams bring suit on their own behalf for personal injuries allegedly caused by Trasylol. Plaintiffs Linda Runderson, Edward Albert Cotton, Constance DeAngelo, Kathryn Stevens, Cynthia Foreman, and Janice M. Hoben bring suit on behalf of and as the legal representatives of,

respectively, decedents Mary Ruth Brooks, Lee Ray Cotton, Michael DeAngelo, Alice Faris, Jack C. Foreman, Jr., and Bernard J. Hoben for injuries to the decedents allegedly caused by Trasylol. The complaint in this case asserts claims against Bayer, Bayer LLC, and Bayer Healthcare for strict products liability, intentional infliction of emotional distress, fraud, negligence, negligent misrepresentation, and breach of express and implied warranties. This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed from state court to this Court by Bayer, Bayer LLC, and Bayer Healthcare on the basis of federal diversity jurisdiction. Having evaluated carefully the notice of removal in this case and the record of the case, the Court rules as follows.

## II. ANALYSIS

As noted, the basis for federal subject matter jurisdiction asserted in this case is federal diversity jurisdiction, which requires, of course, that there be complete diversity of citizenship among the parties, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 n.1 (S.D. Ill. May 27, 2009); *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *1 (S.D. Ill. May 19, 2009) (citing *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007)); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). Bayer, Bayer LLC, and Bayer Healthcare, as the removing Defendants, bear the burden of proof as to the existence of federal subject matter jurisdiction in this case. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1

(S.D. Ill. Mar. 9, 2000). The removal statutes are construed narrowly, and doubts about the propriety of removal are resolved in favor of remand. *See Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009); *Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 842 (S.D. Ill. 2008); *Kim Littlefield, DMD, P.C. v. Orthodontic Ctrs. of Ill., Inc.*, Civil No. 06-606-GPM, 2007 WL 273766, at *1 (S.D. Ill. Jan. 26, 2007); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

In this instance it appears from the nature of the injuries alleged that Plaintiffs' claims each exceed the jurisdictional minimum amount of $75,000, exclusive of interest and costs, given that Plaintiffs all plead for damages in excess of $50,000 and allege very severe permanent bodily injuries as a result of using Trasylol. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997); *Ford v. Keck*, No. 06-cv-667-DRH, 2007 WL 1022003, at *2 (S.D. Ill. Apr. 2, 2007); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1066 (S.D. Ill. 2006); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at **3-5 (S.D. Ill. June 30, 2006); *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941-43 (N.D. Ill. 2002). However, diversity of citizenship is not complete. Morton is a citizen of Pennsylvania, *see Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009), as are Bayer, which is incorporated under Indiana law and has its principal place of business in Pennsylvania, *see* 28 U.S.C. § 1332(c)(1); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006), and Bayer LLC, a limited liability company of which Bayer is the sole member and which therefore is a citizen of Indiana and Pennsylvania for diversity

purposes. *See B & R Oil Co. v. Imperial Enters. of Ill.., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *1 & n.1 (S.D. Ill. June 29, 2009); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006).[1]

The removing Defendants contend that the Court can exercise jurisdiction in diversity because Morton has been fraudulently joined to defeat diversity jurisdiction. In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1045 (S.D. Ill. 2006). In the Seventh Circuit a defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096, 1098 (S.D. Ill. 2007). A defendant seeking removal based on alleged fraudulent joinder has the "heavy burden" of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility that the plaintiff can establish a cause of action

---

1. The citizenship for diversity purposes of the other parties to this case is as follows: Bankcroft is a citizen of Michigan; Blomquist is a citizen of Arizona; Boozer and Fuentes are citizens of Texas; Bowers is a citizen of South Carolina; Runderson's decedent Brooks was a citizen of Alabama and thus Runderson is a citizen of Alabama, *see Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 (S.D. Ill. Aug. 24, 2009) (citing 28 U.S.C. § 1332(c)(2)); Caithness is a citizen of Florida, as were Cynthia Foreman's decedent Jack Foreman, Jr., and Janice Hoben's decedent Bernard Hoben so that Cynthia Foreman and Janice Hoben are citizens of Florida; Canneti is a citizen of Maryland; Colburn is a citizen of Mississippi; Edward Cotton's decedent Lee Cotton was a citizen of Illinois so that Edward Cotton is a citizen of Illinois, as is Fields; Crisostomo is a citizen of California, as was Stevens's decedent Faris so that Stevens is a citizen of California; Constance DeAngelo's decedent Michael DeAngelo was a citizen of New Jersey and thus Constance DeAngelo is a citizen of New Jersey; Williams is a citizen of New York; and Bayer Healthcare is a citizen of Delaware and New Jersey.

against the diversity-defeating defendant in a state court, a standard that the United States Court of Appeals for the Seventh Circuit suggested recently may be "even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (citing *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006)). *See also Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1092 (S.D. Ill. 2007); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 (S.D. Ill. 2006); *Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at *5 & n.4 (S.D. Ill. June 6, 2006).

Here the removing Defendants allege neither fraud in Plaintiffs' pleading of jurisdictional facts nor that Plaintiffs cannot establish a cause of action under state law against the Pennsylvania Defendants, Bayer and Bayer LLC. Instead, Defendants contend that Morton's claim has been misjoined with the claims of the other Plaintiffs to defeat diversity jurisdiction. This is, of course, the doctrine of so-called "fraudulent misjoinder" or "procedural misjoinder," which generally is traced to the decision of the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). *See Willingham v. State Farm Ins. Co.*, Civil Action No. 2:09-CV-59-SA-SAA, 2009 WL 2767679, at *2 (N.D. Miss. Aug. 27, 2009); *Palmer v. Davol, Inc.*, No. 07-md-1842-ML, No. 08-cv-02499-ML, 2008 WL 5377991, at *2 (D.R.I. Dec. 23, 2008). In *Tapscott* the court held that misjoinder of claims between diverse parties with claims between non-diverse ones constitutes a form of fraudulent joinder, provided the misjoinder is "egregious." 77 F.3d at 1360. *See also Livingston v. Hoffmann-La Roche, Inc.*, No. 09 C 2611, 2009 WL 2448804, at *8 (N.D. Ill. Aug. 6, 2009); *A. Kraus & Son v. Benjamin Moore & Co.*, No. CV 05-5487(ARR)(VVP), 2006 WL 1582193, at *5 (E.D.N.Y. June 7, 2006); *Asher v. Minnesota Mining & Mfg. Co.*,

No. Civ.A. 04CV522KKC, 2005 WL 1593941, at *7 (E.D. Ky. June 30, 2005); *Burrell v. Ford Motor Co.*, 304 F. Supp. 2d 883, 888 (S.D. Miss. 2004); *In re Bridgestone/Firestone, Inc.*, 260 F. Supp. 2d 722, 728 (S.D. Ind. 2003). The fraudulent misjoinder doctrine has not been explicitly adopted by any Circuit other than the Eleventh, and neither the Seventh Circuit Court of Appeals nor the Supreme Court of the United States has had occasion to address the fraudulent misjoinder doctrine.[2]

The Court for its part is not aware of any principle of Illinois law that prevents Morton from suing on her claim in an Illinois state court or from joining her claim with those of citizens of Illinois and elsewhere in an Illinois state court. *See, e.g., Todt v. Ameritech Corp.*, 763 N.E.2d 389, 400 (Ill. App. Ct. 2002) (citing *Miner v. Gillette Co.*, 428 N.E.2d 478, 481 (Ill. 1981)) (the rights of non-residents of Illinois can be litigated in Illinois state court by representative parties provided the non-residents have notice and an opportunity to be heard). Perhaps more to the point, the Court is not aware of any decision of the Seventh Circuit Court of Appeals or the United States Supreme Court that authorizes the Court to pass on such matters in evaluating the existence vel non of federal subject matter jurisdiction in this case. The familiar test of fraudulent joinder established through the decisions of the United States Supreme Court and the Seventh Circuit Court of Appeals is whether "a resident defendant ha[s] no real connection with the controversy," *Wilson v. Republic Iron & Steel Co.*, 257

---

2. There is some evidence that the fraudulent misjoinder doctrine is controlling law in the Fifth Circuit, *see Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 & n.5 (5th Cir. 2006); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002), although as with a great deal about the fraudulent misjoinder principle, the question remains elusive. *See, e.g., Allen v. Kuhlman Corp.*, Civil Action No. 3:08CV669-DPJ-JCS, 2009 WL 2382196, at *1 (S.D. Miss. July 31, 2009); *Bird v. Carteret Mortgage Corp.*, No. 2:06-CV-588, 2007 WL 894841, at *3 (S.D. Ohio Mar. 22, 2007) (citing *Alegre v. Aguoyo*, No. 06 C 5744, 2007 WL 141891, at *5 n.1 (N.D. Ill. Jan. 17, 2007)); *Accardo v. Lafayette Ins. Co.*, Civil Action No. 06-8568, 2007 WL 325368, at **2-3 (E.D. La. Jan. 30, 2007). *See also Rutherford*, 428 F. Supp. 2d at 852-53 (commenting on the "enormous judicial confusion" engendered by virtually every aspect of the fraudulent misjoinder doctrine) (collecting cases).

U.S. 92, 97 (1921) (citing *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185, 186 (1907)); *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914), that is to say, "a claim against an in-state defendant . . . simply has no chance of success, whatever the plaintiff's motives" in asserting the claim. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). As controlling precedent makes clear, the doctrine of fraudulent joinder is concerned with whether a plaintiff can assert a viable, non-fraudulent claim against a non-diverse defendant, not with whether viable, non-fraudulent claims have been properly joined under state law. Thus, the United States Supreme Court instructs that when "the plaintiff has a right of action under the law of the state," the plaintiff has also the right "to insist upon [a non-diverse defendant's] presence as a real defendant," *Chicago, Rock Island & Pac. Ry. Co. v. Whiteaker*, 239 U.S. 421, 425 (1915), just as the Seventh Circuit Court of Appeals has cautioned that "[n]either § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). *See also Chicago, Rock Island & Pac. R.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) (state "procedural provisions cannot control the privilege of removal granted by the federal statute."); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941) (the right of removal is "unaffected by local law" such as state procedural rules); *Southern Ry. Co. v. Lloyd*, 239 U.S. 496, 500 (1916) (holding that fraudulent joinder does not apply where "a cause of action . . . [is] good upon its face"); *Illinois Cent. R.R. Co. of Ill. v. Sheegog*, 215 U.S. 308, 316 (1909) (holding that "[i]n the case of a tort which gives rise to a joint and several liability, the plaintiff has an absolute right to elect, and to sue the tort feasors jointly if he sees fit, no matter what his motive" and a charge that one of the tortfeasors was fraudulently joined to defeat diversity "would be bad on its face").

It plainly is within the power of Congress, pursuant to its authority to regulate the jurisdiction of the lower federal courts, *see* U.S. Const. art. I, § 8, cl. 9; *Id*. art. III, § 2, cl. 1; *Jinks v. Richland County, S.C.*, 538 U.S. 456, 462 (2003); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991), to enact the fraudulent misjoinder doctrine into law, as indeed it has done to some extent in the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), in the CAFA provisions authorizing removal to federal court of certain kinds of mass tort cases or "mass action[s]." 28 U.S.C. § 1332(d)(11)(B)(i).[3] Federal courts also have a limited power to legislate, but only "interstitially" when judicial legislation is necessary "to iron out inconsistencies within a statute or to fill gaps resulting from legislative oversight or to resolve ambiguities resulting from a legislative compromise." *U.S. Bulk Carriers, Inc. v. Arguelles*, 400 U.S. 351, 354 & n.1 (1971) (citing *Southern Pac. Co. v. Jensen*, 244 U.S. 205, 221 (1917) (Holmes, J., dissenting)). *See also United States v. Schwartz*, 787 F.2d 257, 267 (7th Cir. 1986) ("The 'supervisory power' of the federal courts is a power to formulate rules of the common law when neither constitution nor statute supplies a rule of decision."). Moreover, it is axiomatic that federal courts may not expand their subject matter jurisdiction by judicial decision. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Lockerty v. Phillips*, 319 U.S. 182, 187-88 (1943); *Kline v. Burke Constr. Co.*, 260 U.S. 226, 233-34 (1922). It is

---

3.   Among the actions covered by the CAFA is a "mass action," defined by the statute as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," and in which there is minimal diversity of citizenship (at least one plaintiff is not a citizen of the same state as at least one defendant) and at least one plaintiff seeks a recovery exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(11)(B)(i). *See also Bullard v. Burlington N. Santa Fe Ry. Co.*, 556 F. Supp. 2d 858, 859 (N.D. Ill. 2008). The statute further authorizes removal of mass actions from state court to federal court. *See* 28 U.S.C. § 1332(d)(11)(A); 28 U.S.C. § 1453(b). Importantly, the CAFA excludes from its definition of a mass action cases in which all of the plaintiffs are suing in the state in which they suffered the injuries sued upon. *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(I).

reasonable to assume that Congress has ratified the long-standing judicial concept of fraudulent joinder to defeat diversity jurisdiction, e.g., fraud in a plaintiff's pleading of jurisdictional facts against a non-diverse defendant or inability to establish a cause of action against such a defendant under relevant state law. *See S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *2 (S.D. Ill. Sept. 17, 2009) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 695-701 (1992)) (noting the congressional ratification of the long-standing judicial interpretation of the federal statute granting diversity jurisdiction as excluding cases involving domestic relations, as in cases involving the issuance of a divorce, alimony, or child custody decree). It is the Court's view, however, that the judicially-created fraudulent misjoinder doctrine is an exercise of federal common law-making power that is well outside the constitutional strictures on such law-making enunciated in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), as the federal common law of joinder crafted by courts that adhere to the fraudulent misjoinder doctrine interferes with access to courts, drives up litigation costs, and defeats the judicial economies underlying the policy of Illinois favoring liberal permissive joinder of parties and claims. *See id.* at 80 (in fashioning federal common law, the federal courts are not to "invade[ ] rights which . . . are reserved by the Constitution to the several states."). *See also Carter v. Chicago & Ill. Midland Ry. Co.*, 518 N.E.2d 1031, 1035-36 (Ill. 1988); *Baumgardt v. Isaacs*, 193 N.E.2d 31, 35-36 (Ill. 1963); *Stykel v. City of Freeport*, 742 N.E.2d 906, 910 (Ill. App. Ct. 2001); *Metro-Goldwyn-Mayer, Inc. v. Antioch Theatre Co.*, 367 N.E.2d 247, 254 (Ill. App. Ct. 1977); *McDonald v. Trampf*, 198 N.E.2d 537, 540-41 (Ill. App. Ct. 1964); *Opal v. Material Serv. Corp.*, 133 N.E.2d 733, 741 (Ill. App. Ct. 1956). *Cf. Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) ("[T]he allocation of the costs accruing from litigation is a matter for the legislature, not the courts.").

In sum, the Court declines, as it has done in previous decisions, to recognize misjoinder of parties or claims as a species of fraudulent joinder to defeat diversity jurisdiction.[4] As a final matter, the Court addresses the issue of whether to compel Defendants to pay costs and expenses pursuant to 28 U.S.C. § 1447, which provides, in pertinent part, "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141. *See also Wolf v. Kennelly*, 574 F.3d 406, 410-11 (7th Cir. 2009); *Wisconsin v. Amgen, Inc*., 516 F.3d 530, 534-35 (7th Cir. 2008). In the Seventh Circuit objective unreasonableness of removal is established only where a removal violates Seventh Circuit law as established by the decisions of the Seventh Circuit Court of Appeals and the United States Supreme Court. *See Lott v. Pfizer, Inc*., 492 F.3d 789, 793-94 (7th Cir. 2007); *Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, Civil No. 09-542-GPM, 2009 WL 2392724, at *3 (S.D. Ill. Aug. 5, 2009); *Roche v. Country Mut. Ins. Co.*,

---

4. In the past, in addition to finding that the fraudulent misjoinder doctrine comprises an expansion of the subject matter jurisdiction of the federal courts by judicial decision, the Court also has cited as reasons for declining to adopt the doctrine the fact that the prevailing test of fraudulent misjoinder, that is, whether there is a reasonable possibility that a state court would find parties or claims to be properly joined, requires federal courts to interfere in matters of state civil procedure and the fact that no precise, workable test of fraudulent misjoinder has emerged or is likely to emerge. *See Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at **6-8 (S.D. Ill. July 2, 2007); *Bavone v. Eli Lilly & Co*., Civil No. 06-153-GPM, 2006 WL 1096280, at **4-5 (S.D. Ill. Apr. 25, 2006); *Rutherford*, 428 F. Supp. 2d at 852-55. These prudential reasons for rejecting the fraudulent misjoinder doctrine are, the Court believes, correct, *see Opal*, 133 N.E.2d at 741 (noting that the terms of the Illinois statute governing permissive joinder are not susceptible of exact definition and that with respect to the propriety of permissive joinder under the statute there is "wide play for the court's judgment"), and either one is in itself a sufficient ground for rejecting the fraudulent misjoinder doctrine, but the Court wishes to emphasize that its primary reason for rejecting the doctrine is constitutional, that is, the doctrine is an impermissible use of the federal common law-making power.

Civil No. 07-367-GPM, 2007 WL 2003092, at *7 (S.D. Ill. July 6, 2007). In this case, Bayer, Bayer LLC, and Bayer Healthcare note in their notice of removal that in previous decisions this Court has declined to adopt the fraudulent misjoinder doctrine. *See* Doc. 2 at 13 n.4 (citing *Rutherford*, 428 F. Supp. 2d at 846-49, and *Sabo*, 2007 WL 1958591, at **6-8). However, as the removing Defendants point out also, a removal that merely contravenes the non-precedential decisions of a district court, rather than controlling authority, is not objectively unreasonable under Seventh Circuit law. *See Vanderwerf v. Planet Eclipse, Ltd.*, No. 08-cv-358-bbc, 2008 WL 4762047, at *3 (W.D. Wis. Oct. 28, 2008); *Town of Ogden Dunes v. Siwinski*, No. 2:08-CV-78 PS, 2008 WL 1804104, at *6 (N.D. Ind. Apr. 17, 2008); *Simenz v. Amerihome Mortgage Co., LLC*, 544 F. Supp. 2d 743, 745 (E.D. Wis. 2008); *Gavin v. AT & T Corp.*, No. 01 C 2721, 2008 WL 4378472, at *4 (N.D. Ill. Mar. 17, 2008). *But cf. Butler v. Kohl's Dep't Stores, Inc.*, No. 1:08-cv-0084-LJM-JMS, 2008 WL 1836684, at *4 (S.D. Ind. Apr. 23, 2008). Because, as already has been noted, neither the Seventh Circuit Court of Appeals nor the United States Supreme Court has had occasion to pass on the validity of the fraudulent misjoinder doctrine, the Court finds that the removal of this case was not objectively unreasonable so as to warrant an award of costs and expenses pursuant to 28 U.S.C. § 1447(c). However, counsel for Bayer, Bayer LLC, and Bayer Healthcare are on notice that henceforth the Court will remand sua sponte any cases against Bayer, Bayer LLC, and Bayer Healthcare that are removed from state court on the basis of the fraudulent misjoinder doctrine. Under Rule 1.4 of the Illinois Rules of Professional Conduct, which are the rules of professional conduct adopted by this Court, *see* SDIL-LR 83.1(h), 83.4(d)(2), counsel for Bayer, Bayer LLC, and Bayer Healthcare must inform their clients of the Court's directive regarding removals based on fraudulent misjoinder so that Bayer, Bayer LLC, and Bayer Healthcare can avoid unnecessarily incurring filing fees in cases removed to this Court on the basis of the fraudulent misjoinder doctrine in the future.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: September 29, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge